Dear Honorable Judge Irvin:
This office is in receipt of your opinion request regarding the fees collected by the Shreveport Police Department and City Marshal's Office under La.R.S. 15:85.1 and R.S. 33:2334. You asked this office the following questions:
 1. Were the fees legally assessed?
 2. To whom are the fees properly payable?
 3. Whether the funds collected by the Shreveport Police Department should be sent to the sheriff or retained by the Shreveport Police Department?
In response to these questions, we offer the following discussion:
You first ask whether the respective fifteen dollars fees assessed and collected by the Shreveport Police Department and City Marshal's Office under La.R.S. 15:85.1 and La.R.S. 33:2334 were legally assessed by these agencies. R.S. 15:85.1 clearly states that the fifteen dollar fee called for therein shall be "assessed in connection with the issuance of every criminal bond posted within each parish."[1] The statute also mandates that this fee "shall be collected by the sheriff of each parish" or "their designated *Page 2 
representative."[2] Therefore, under this statute, this fee is legally assessed on every criminal bond posted within a parish and must be collected by the sheriff of that parish or the sheriffs representative.
This statutory interpretation is reinforced by two previous opinions of this office. First, this office concluded that the parish sheriff, not the municipality, (or its police chief), has the responsibility of collecting the fees assessed under R.S. 15:85.1.[3] This conclusion is further supported by another opinion of this office, which addressed the question of what entity is to receive booking fees (fifteen dollars under La.R.S. 15:85.1 and fifteen dollars under La.R.S. 33:1432, when a police officer from a village books a prisoner at the parish prison.[4] This office concluded in Opinion Number 05-0221 that the applicable statutes did not allow for the village police to receive any part of the fees collected under La.R.S. 15:85.1 or La.R.S. 33:1432(9), even if it were the agency making the arrest.
Given these prior opinions of this office and the explicit language contained in R.S. 15:85.1, we conclude that the fifteen dollar criminal bond fee is properly assessed in every criminal proceeding in the parish, even those being handled in the city courts in the parish, but may only be collected by the sheriff of Caddo Parish or his designated representative. Neither the Shreveport City Police nor the City Marshal's Office have the authority to collect or retain the fee as a matter of statutory law, absent having been designated as a representative of the sheriff with respect to the collection of said fee.
The next part of this first question is whether the fifteen dollar fee assessed under La.R.S. 33:2334 was legally assessed by the Shreveport City Police. La.R.S. 33:2334 allows a fifteen dollar fee to be assessed (unless suspended by the Court) for "each appearance bond taken by a municipal chief of police when required to do so."[5] This office has noted in a previous opinion[6] that fee allowed by the statute is expressly limited to appearance bonds.[7] This fee specifically may only be collected by the municipal chief of police, unlike the fee under La.R.S. 15:85.1 which must be collected by or on behalf of the sheriff. We note here that although the marshal is not authorized to collect the appearance bond fee called for in R.S. 33:2334, he is authorized to collect a fee of thirteen dollars and fifty cents for "taking bond authorized by law."[8]
In sum, the fifteen dollar fee assessed pursuant to La. R.S 15:85.1
applies to the issuance of every criminal bond posted in a parish and shall only be collected by the sheriff of that parish or his designated representative, whereas the separate fifteen dollar fee allowed under La.R.S. 33:2334 is expressly limited to appearance bonds *Page 3 
taken by a city police chief when he is required to take an appearance bond. Therefore, we conclude that the Shreveport Police Department and the City Marshal's office may not collect the fifteen dollar fee assessed under La. 15:85.1 unless designated by the sheriff to do so on his behalf, but that the Shreveport Chief of Police may legally assess a fee under La 33:2334 when the Chief is required to take an appearance bond, if the fee has not been suspended by the Court, and that the City Marshal is entitled to his own fee under R.S. 33:1704(7) of thirteen dollars and fifty cents for his taking of bonds.
Your second question asks which entities are to receive the proceeds of the fees collected under La.R.S. 15:85.1 and La.R.S. 33:2334. First, La.R.S. 15:85.1(A)(2) specifically sets out how and to whom the proceeds are to be distributed by the sheriff.[9] Even though the sheriff is responsible for collecting fifteen dollars under La.R.S.15:85.1, the sheriff is to only retain two dollars per bond. The remaining thirteen dollars is to be distributed to public agencies according to the schedule set forth in the statute.[10] Municipal officers may receive some of the funds realized from the collection of this fee by the sheriff, if and when the municipality is actually responsible for the associated prosecution. In such cases, seven dollars must be distributed to the city or municipal prosecutor and two dollars to the office of the city or municipal clerk of court.[11]
We could find no provision of law that addressed the issue of a fee for a designee of the sheriff that collects the fee assessed by R.S.15:85.1 pursuant to the delegation of collection authority. On the other hand, we could find no provision of law that would prohibit the sheriff and his designee from entering into a cooperative endeavor agreement for the collection of the fee under R.S. 15:85.1 by a designee in exchange for consideration, such as a shared fee.[12]
Second, the distribution of the fifteen dollar fee collected on appearance bonds under La.R.S. 33:2334 is also specifically set forth in the statute. The statute clearly states this fee upon collection "shall be payable to the general fund of the municipality".[13] The municipality then must then appropriate thirteen dollars of each fee collected under R.S. 33:2334 back to the chief of police "to be used for law enforcement purposes."[14]
We conclude, therefore, that the proceeds of each category of fees referenced herein should be distributed according to the provisions of the respective statutes. *Page 4 
In answering your first two questions, we have provided the information from which an answer to your third question may be obtained as well. As discussed above, the fees referenced in R.S. 15:85.1 and 33:2334 are respectively mandated by statute to only be collected by certain parties. The fee provided for in R.S. 15:85.1 is to be collected by the parish sheriff or his designee on every criminal bond posted in the parish, while the fee provided for in R.S. 33:2334 is to be collected by a chief of police who is required to take an appearance bond in a municipal court. In addition, the statutes expressly dictate how and to whom the proceeds of the respective fees are to be distributed. These statutory provisions should be strictly followed.
In conclusion, it is the opinion of this office that the fifteen dollar fee assessed on criminal bonds by La. RS. 15:85.1 must be collected by the sheriff or his designee upon the issuance of every criminal bond posted in the parish, whereas the fifteen dollar fee allowed by under La R.S. 33:2334 is assessable on all appearance bonds required to be taken by a municipal chief of police, in cases wherein the fee has not been suspended by the Court. Further, each of these two statutes specifically provide for the distribution of the proceeds collected. These distribution requirements must be adhered to.
We hope this opinion thoroughly answers your inquiry. If there are any further questions regarding this matter, please do not hesitate to contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 PAUL KNIGHT
 ASSISTANT ATTORNEY GENERAL
 PK/wr
[1] La.R.S. 15.85.1(A)(1)
[2] La.R.S. 15:85.1(A)(1).
[3] La. Op. Atty. Gen., No. 03-0343, December 29, 2003
[4] La. Op. Atty. Gen., No. 05-0221, January 24, 2006
[5] La.R.S. 33:2334(A).
[6] See La Op. Atty. Gen., No. 95-118. June 23, 1995.
[7] See La.R.S. 15:88. (definition of appearance bond).
[8] See La.R.S. 33:1704(7)
[9] See La.R.S. 15:85.1(A)(2)
[10] La.R.S. 15:95.1(A)(2)(e)
[11] La.R.S. 15:85.1(A)(2)(a); La.R.S. 15:85.1 (A)(2)(d).
[12] Such agreements are authorized in the Louisiana Constitution and Revised Statutes. See La.Const. Art. 7, Sec. 14(C); and La.R.S.33:1324.
[13] La.R.S. 33:2334(B)(1).
[14] Id.